CASE NO. 22-20407

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

In the Matter of Stephen Hann, doing business as Trinity Custom Builders, doing business as Christian Builders, doing business as Hann Builders, doing business as Beta Investments Limited, doing business as SKH 2000, Incorporated, doing business as Hann and Associates,

Debtor

Saeed Kahkeshani,

Appellee

v.

Stephen K. Hann, doing business as Trinity Custom Builders, doing business as Christian Builders, doing business as Hann Builders, doing business as Beta Investments Limited, doing business as SKH 2000, Incorporated, doing business as Hann and Associates,

Appellant

---

On Appeal from The United States District Court
for The Southern District of Texas, Houston Division
C.A. No. 4:16-cv-0230

**BRIEF OF APPELLANT**
**STEPHEN K. HANN**

---

THE PROBUS LAW FIRM
MATTHEW BRIAN PROBUS
10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
ATTORNEY FOR APPELLANT,
STEPHEN K. HANN

# CERTIFICATE OF INTERESTED PERSONS

On August 24, 2022, the undersigned counsel of record filed Appellant's Disclosure Pursuant to Fed. R. App. P. 26.1 and 28, and 5th Cir. Local Rule 28.2.1. The information contained in that disclosure is repeated here. The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

A.    Parties

      *Defendant-Appellant*:      Stephen K. Hann
      *Plaintiff-Appellee*:      Saeed Kakheshani

B.    Attorneys

      *For Defendant-Appellant*:      Matthew Brian Probus
                         The Probus Law Firm
                         10497 Town and Country Way, Suite 930
                         Houston, Texas 77024

      *For Plaintiff-Appellee*:      Jeffrey D. Carruth
                         Weycer, Kaplan, Pulaski & Zuber, P.C.
                         11 Greenway Plaza, Suite 1400
                         Houston, TX 77046

C.    Other Parties

      *Affiliates:*      SKH 2000, Inc. d/b/a Hann Builders, privately held corporation owned by Stephen K. Hann that was respondent in the underlying arbitration.

|                                        | Hann Builders, Ltd., privately held limited partnership owned by Stephen K. Hann. |
|----------------------------------------|------------------------------------------------------------------------|
| *Chapter 7 Trustee:*                   | Randy W. Williams, Chapter 7 Trustee of Appellant's Bankruptcy Case    |
| *Debtor's Counsel in Bankruptcy:*      | Reese W. Baker and Baker & Associates                                  |
| *Debtors not in the caption:*          | None                                                                   |
| *Debtor that is a corporation:*        | None                                                                   |
| *Creditor's committee:*                | None                                                                   |

By:_____ */s/ Matthew Brian Probus*
      Matthew Brian Probus
      Attorney for Appellant

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant Stephen K. Hann believes that oral argument would be helpful, in particular on the issue of whether a construction trust fund under Texas Property Code, § 162.001, et seq. creates a true express trust with fiduciary obligations sufficient for 11 U.S.C. § 523(a)(4).

# **TABLE OF CONTENTS**

**Pages**

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . .    i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . .    iii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iv

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . .    vii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . .    xii

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    xiii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . .    1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . .    6

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . .    9

I.       INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

II.      STANDARD OF REVIEW ON APPEAL . . . . . . . . . . . . . . . . .    10

III.     COLLATERAL ESTOPPEL EFFECT OF ARBITRATOR'S
         FINDINGS AND CONCLUSIONS . . . . . . . . . . . . . . . . . . . . .    12

IV.      THE DISTRICT COURT ERRED IN REVERSING
         THE BANKRUPTCY COURT'S ORDER GRANTING
         HANN'S MOTION FOR SUMMARY JUDGMENT
         AND HOLDING THE DEBT NON-DISCHARGEABLE
         UNDER 11 U.S.C. § 523(a)(2)(A) FOR FALSE PRETENSES,
         FALSE REPRESENTATION, OR ACTUAL FRAUD. . . . . . . .    14

V.       THE DISTRICT COURT ERRED IN REVERSING THE
         BANKRUPTCY COURT'S ORDER GRANTING
         HANN'S MOTION FOR SUMMARY JUDGMENT
         AND HOLDING THE DEBT NON-DISCHARGEABLE

UNDER 11 U.S.C. § 523(a)(4) FOR FRAUD OR
DEFALCATION WHIL ACTING IN A FIDUCIARY
CAPACITY, EMBEZZLEMENT, OR LARCENY . . . . . . . . . . .        17

   A. Hann Was Not Acting in a Fiduciary
      Capacity for Purposes of 11 U.S.C. § 523(a)(4). . . . . . . . .        17

   B. There Was No Evidence to Support the State of Mind
      Necessary for Fraud or Defalcation While Acting
      in a Fiduciary Capacity. . . . . . . . . . . . . . . . . . . . . . . . . . .        23

   C. There is No Summary Judgment Evidence
      to Show that Hann Fraudulently Appropriated
      Property of Kahkeshani to Constitute Embezzlement
      and the Arbitrator's Findings Precluded Kahkeshani's
      Embezzlement Claim.      . . . . . . . . . . . . . . . . . . . . . .        25

VI.  THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S
MOTION FOR SUMMARY JUDGMENT AND HOLDING
THE DEBT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6)
FOR WILLFUL AND MALICIOUS INJURY TO ANOTHER
ENTITY OR THEIR PROPERTY WAS PROPER.    . . . . . . .        27

VII.  THE TRIAL COURT ERRED IN REVERSING THE
BANKRUPTCY COURT'S ORDER GRANTING
HANN'S MOTION FOR SUMMARY
JUDGMENT ON WHETHER HANN SHOULD
RECEIVE A DISCHARGE UNDER 11 U.S.C § 727.    . . . . . . .        29

   A. The Issue is Now Moot and there is No Appellate
      Jurisdiction, Because the Bankruptcy Court Entered a
      Discharge Order, and Kahkeshani Failed to
      Appeal the Bankruptcy Court's Discharge Order . . . . . . . . .        29

   B. There is No Summary Judgment Evidence that
      Hann Committed Any Act in Violation
      of 11 U.S.C. § 727.      . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        30

Case: 22-20407    Document: 27    Page: 7    Date Filed: 09/19/2022

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . 39

ADDENDUM:

11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6)

11 U.S.C. § 727(a)(3), (a)(4), and (a)(5)

Tex. Prop. Code, §§ 162.001 and 162.002

vi

# TABLE OF AUTHORITIES

**Cases:**                                                                                      **Pages**

*Brister v. A.W.I., Inc.*,
    946 F.2d 350 (5th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Brown v. Felsen*,
    442 U.S. 127 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Brumfield v. Hollins*,
    551 F.3d 322 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Bullock v. BankChampaign, N.A.*,
    569 U.S. 267, 133 S.Ct. 1754 (2013). . . . . . . . . . . . . . . . . . . . . . . . 23, 24
    25

*Campo v. Allstate Ins. Co.*,
    562 F.3d 751 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 106 S.Ct. 2548 (1986). . . . . . . . . . . . . . . . . . . . . . . .   11

*Chapman v. Forsyth*,
    2 U.S. (How.) 202 (1844). . . . . . . . . . . . . . . . . . . . . . . . . . .   19, 20

*Coburn Company of Beaumont v. Nicholas*,
    956 F.2d 110 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . .   21, 22

*Condrey v. Suntrust Bank of Ga.*,
    431 F.3d 191 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Davis v. Aetna Acceptance Co.*,
    293 U.S. 328, 55 S.Ct. 151 (1934). . . . . . . . . . . . . . . . . . . . . . . . .   20

*Field v. Mans*,
    516 U.S. 59, 116 S.Ct. 437 (1995). . . . . . . . . . . . . . . . . . . . . . . . .   15

*Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*,
    406 F.3d 367 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . .   15

*Grogan v. Garner*,
    498 U.S. 279, 111 S.Ct. 654 (1991). . . . . . . . . . . . . . . . . . . . . . . .    18

*Hibernia Nat'l Bank v. Perez* (*In re Perez*),
    954 F.2d 1026 (5th Cir.1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10, 24

*Hickman v. Texas* (*In re Hickman*),
    260 F.3d 400 (5th Cir.2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10, 24

*In re Bartee*,
    212 F.3d 277 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    29

*In re Duncan*,
    562 F.3d 688 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10, 24

*In re First South Sav. Ass'n.*,
    820 F.2d 700 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    30

*In re Quinlivan*,
    434 F.3d 314 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

*In re Scruggs*,
    392 F.3d 124 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    30

*In re Texas Equipment Co., Inc.*,
    283 B.R. 222 (Bankr. N.D. Tex. 2002). . . . . . . . . . . . . . . . . . . .    29, 30

*In re Tomasek*,
    175 Fed.Appx. 662 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . .    28

*Kawaauhau v. Geiger*,
    523 U.S. 57 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    27

*Luce v. First Equip. Leasing Corp. (In re Luce)*,
    960 F.2d 1277 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574, 106 S.Ct. 1348 (1986). . . . . . . . . . . . . . . . . . . . . . .    11

*Matter of Boyle*,
    819 F.2d 583 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19
    20, 21
    22

*Matter of Miller*,
    156 F.3d 598 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

*Matter of Posten*,
    735 F.2d 866 (5th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Matter of Tran*,
    151 F.3d 339 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 22

*McDonald v. City of West Branch, Mich.*,
    466 U.S. 284 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.*,
    801 F.2d 748 (5th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Murphy & Robinson Investment Co. v. Cross (In re Cross)*,
    666 F.2d 873 (5th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*,
    520 F.3d 409 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322, 99 S.Ct. 645 (1979). . . . . . . . . . . . . . . . . . . . . . . 12

*Robertson v. Dennis (In re Dennis)*,
    330 F.3d 696 (5th Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 24

*RecoverEdge, LP v. Pentecost*,
    44 F.3d 1284 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14
    15

*Sheerin v. Davis (In re Davis)*,
    3 F.3d 113 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sossamon v. Lone Star State of Tex.*,

560 F.3d 316 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*Turner v. Baylor Richardson Med. Ctr.*,
    476 F.3d 337 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

*United States v. Shanbaum*,
    10 F.3d 305 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Upshur v. Briscoe*,
    138 U.S. 365, 11 S.Ct. 313 (1890). . . . . . . . . . . . . . . . . . . . . . .   20

*Warfield v. Byron*,
    436 F.3d 551 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

## Statutes and Rules:

5th Cir. Local Rule 28.2.1 . . . . . . . . . . . . . . . . . . . . . . . .   i

11 U.S.C. § 523(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 5, 6, 9,
10, 14, 16,
34

11 U.S.C. § 523(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 5, 6, 7, 9
10, 17, 18
19, 20, 21,
22, 23, 24,
25, 26, 27

11 U.S.C. § 523(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 7, 9, 27

11 U.S.C. § 727(a). . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 8, 9, 29,
30, 31, 32,
33, 34, 37

28 U.S.C. § 158(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . .   xii

28 U.S.C. § 158(d). . . . . . . . . . . . . . . . . . . . . . . . . . . .   xii

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    xii

28 U.S.C. § 1738. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13 fn. 1

Bankruptcy Act, section 35(a)(4). . . . . . . . . . . . . . . . . . . .    19

Fed. R. App. P. 26.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

Fed. R. App. P. 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    i

Fed. R. Bankr. P. 7056 . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

Fed. R. Civ. P. 56(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10, 11

LSA-R.S. 14:202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

Tex. Civ. Prac. & Rem. Code, § 134.001. . . . . . . . . . . . . . .    26

Tex. Civ. Prac. & Rem. Code, § 134.002. . . . . . . . . . . . . . .    26

Tex. Civ. Prac. & Rem. Code, § 134.003. . . . . . . . . . . . . . .    26

Tex. Penal Code, § 31.02. . . . . . . . . . . . . . . . . . . . . . . . .    26, 27

Tex. Penal Code, § 31.03. . . . . . . . . . . . . . . . . . . . . . . . .    26

Tex. Prop. Code, § 162.001. . . . . . . . . . . . . . . . . . . . . . . .    2, 18, 31

Tex. Prop. Code, § 162.005. . . . . . . . . . . . . . . . . . . . . . . .    3

Tex. Prop. Code, § 162.007. . . . . . . . . . . . . . . . . . . . . . . .    31

## **Treatises:**

3 *Collier on Bankruptcy* ¶ 523.08[5] . . . . . . . . . . . . . . . . . .    15

## STATEMENT OF JURISDICTION

Appellant, Stephen K. Hann, appeals a final judgment from the United States District Court for the Southern District of Texas, Houston Division. That judgment was from an appeal of a judgment by the Bankruptcy Court in an adversary proceeding under 28 U.S.C. § 158(a)(1). The judgment was final in that it disposed of all parties' claims. This Court has jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. The District Court entered its final judgment on July 7, 2022, and Hann's notice of appeal was filed in the District Court on August 4, 2022, making the notice of appeal timely.

# <u>STATEMENT OF ISSUES</u>

ISSUE NO. 1:    DID THE DISTRICT COURT ERR IN REVERSING THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2)(A) FOR FALSE PRETENSES, FALSE REPRESENTATION, OR ACTUAL FRAUD?

ISSUE NO. 2:    DID THE DISTRICT COURT ERR IN REVERSING THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(4) FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY?

ISSUE NO. 3:    WAS THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THE DEBT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6) FOR WILLFUL AND MALICIOUS INJURY TO ANOTHER ENTITY OR THEIR PROPERTY PROPER?

ISSUE NO. 4:    DID THE DISTRICT COURT ERR IN REVERSING THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT ON WHETHER HANN SHOULD RECEIVE A DISCHARGE UNDER 11 U.S.C § 727?

## STATEMENT OF THE CASE

On or about May 18, 2010, Saeed Kahkeshani ("Kahkeshani") entered a residential construction contract with SKH 2000, Inc. d/b/a Hann Builders ("SKH") for construction of a home in Houston, Texas. (ROA.22-20407.2004 – 2017). Stephen K. Hann ("Hann") was an officer, director and shareholder of SKH. (ROA.22-20407.288). Kahkeshani paid for the construction costs with funds from a loan by Bank of River Oaks (the "Bank"). (ROA.22-20407.276). SKH submitted draw requests to the Bank for payments under the contract, but Hann did not sign those draw requests, and the draw requests were not sent to Hann for his review. (ROA.22-20407.289). SKH used some of the funds paid by Kahkeshani under the construction contract to pay for expenses on other SKH projects, to pay some debts of an affiliate company, and to pay some of Hann's personal expenses. (ROA.22-20407.285). SKH failed to pay a number of the subcontractors working on the Kahkeshani construction project, and as a result, liens were filed by some unpaid subcontractors against Kahkeshani's property. (ROA.22-20407.277).

On February 22, 2011, Kahkeshani filed suit against Hann in Harris County District Court in a case styled *Saeed Kahkeshani v. SKH 2000, Inc. d/b/a Hann Builders, et al*, Cause No. 2011-11105, in the District Court of Harris County, Texas, 133rd Judicial District (the "State Court Lawsuit"). In the State Court Lawsuit, Kahkeshani alleged claims against Hann for breach of contract, unjust enrichment,

1

violations of the Texas Construction Funds Act codified at Tex. Prop. Code, § 162.001, *et seq*., common law and statutory fraud, and violations of the Texas Fraudulent Transfer Act. Kahkeshani also sought an accounting and the imposition of a constructive trust. (ROA.22-20407.1134-1136).

On February 29, 2012, Hann filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"). (ROA.22-20407.2802). On April 13, 2012, Hann filed a notice of removal in the State Court Lawsuit, removing the State Court Lawsuit to the Bankruptcy Court, where it was assigned Adversary Proceeding No. 12-3196 (the "Removed State Court Lawsuit"). (ROA.22-20407.1123).

On or about May 25, 2012, Kahkeshani filed his Plaintiff's Original Complaint of Saeed Kahkeshani for Non-Discharge of Indebtedness and Denial of Discharge (the "Complaint") in the Bankruptcy Court. (ROA.22-20407.20 - 31). That adversary proceeding was assigned Adversary Proceeding No. 12-3256 (the "Dischargeability Adversary"). In the Dischargeability Adversary, Kahkeshani sought a determination that his debt was not dischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Kahkeshani also sought to bar Hann's discharge under 11 U.S.C. § 727(a)(3), (a)(4), and (a)(5).

2

On March 28, 2013, Hann filed his Defendant's Emergency Motion to Compel Arbitration. (ROA.22-20407.1784). On March 29, 2013, the Bankruptcy Court granted that motion and ordered the parties to arbitrate all claims in the Removed State Court Lawsuit and the Dischargeability Adversary. (ROA.22-20407.1847). The Bankruptcy Court authorized the arbitrator to make findings of fact and conclusions of law on all claims in those cases, but the Bankruptcy Court reserved the ability to make the ultimate determination of dischargeability of the debt and whether to grant Hann a discharge. (ROA.22-20407.880 and 900). The case was tried to a single arbitrator in October and November of 2013. (ROA.22-20407.881). On April 8, 2014, the arbitrator rendered an award, with detailed findings of fact and conclusions of law, in favor of Kahkeshani against Hann. (ROA.22-20407.274). The arbitrator held that SKH was liable for breach of the construction contract (ROA.22-20407.277), violation of the Texas Construction Funds Act, Tex. Prop. Code, § 162.005(1)(A) (ROA.22-20407.289), and fraudulent misrepresentation (ROA.22-20407.289). The arbitrator held that Hann violated Section 162.005(1)(A) of the Texas Construction Funds Act too, but made no fraudulent misrepresentations. (ROA.22-20407.289). The arbitrator held that Hann was liable for SKH's fraudulent misrepresentations under an *alter ego* theory. (ROA.22-20407.290). The arbitrator held that there were no violations of the Texas Theft Liability Act or the Texas Fraudulent Transfer Act. (ROA.22-20407.290). The

arbitrator awarded Kahkeshani damages of $371,972.13, attorney's fees of $200,000, and post-award interest at a rate of 5%. (ROA.22-20407.292).

On June 26, 2014, Kahkeshani moved to confirm the award and for entry of a final judgment in the Dischargeability Adversary. (ROA.22-20407.319). On February 17, 2015, the Bankruptcy Court entered an order denying entry of the judgment. (ROA.22-20407.683). The parties began moving forward in the Dischargeability Adversary.

On June 22, 2015, Kahkeshani filed his Plaintiff's Motion for Summary Judgment Regarding Claims Under 11 U.S.C. § 523(A) and Request for Oral Argument (the "Kahkeshani MSJ"). (ROA.22-20407.808). The only summary judgment evidence offered in support of Kahkeshani's MSJ was the arbitrator's award. (ROA.22-20407.878). On July 21, 2015, Hann filed his Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment (the "Hann's Cross-Motion"). (ROA.22-20407.949). Hann submitted a declaration as summary judgment evidence in support of his Hann's Cross-Motion. (ROA.22-20407.989). No further summary judgment evidence was offered by either party.

On January 12, 2016, the Bankruptcy Court entered its Order Regarding Motions for Summary Judgment (the "Bankruptcy Court Order") denying Kahkeshani's MSJ and granting Hann's Cross-Motion. (ROA.22-20407.1030).

On January 26, 2016, Kahkeshani filed his Notice of Appeal in the Bankruptcy Court appealing the Bankruptcy Court Order to the United States District Court for the Southern District of Texas, Houston Division (the "District Court"). (ROA.22-20407.4605). Kahkeshani did not seek an order staying the Bankruptcy Court judgment pending appeal to the District Court.

On April 6, 2016, Kahkeshani filed his brief on appeal in the District Court. (ROA.22-20407.4607). On May 24, 2016, Hann filed his response brief in the District Court. (ROA.22-20407.5041).

On April 5, 2017, the Bankruptcy Court entered an Order of Discharge in Hann's main bankruptcy case. (ROA.22-20407.5182). Kahkeshani failed to appeal that order. Over a year later, on April 19, 2018, Kahkeshani filed his Motion to Strike Discharge Order. (ROA.22-20407.5185). On June 4, 2018, the Bankruptcy Court entered its Order Denying Motion to Strike Discharge Order. (ROA.22-20407.5191). Kahkeshani failed to appeal that order.

On July 7, 2022, the District Court entered its Opinion on Appeal and Final Judgment reversing the summary judgment of the Bankruptcy Court. (ROA.22-20407.5145, 5153). The District Court rendered judgment on the claims under section 523, holding that Kahkeshani's debt was non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4). The District Court remanded the case to the Bankruptcy Court for further discovery on Kahkeshani's claim to bar Hann's

discharge under 11 U.S.C. § 727(a). (ROA.22-20407.5145 and 5153).

On August 4, 2022, Hann filed his Notice of Appeal of the District Court's Opinion and Final Judgment. (ROA.22-20407.5154).

## <u>SUMMARY OF THE ARGUMENT</u>

The Bankruptcy Court properly granted summary judgment in favor of Hann on Kahkeshani's claim under 11 U.S.C. § 523(a)(2)(A) seeking non-dischargeability of the debt due to false pretenses, false representation, or actual fraud. There was no summary judgment evidence that Hann made any false pretense, false statement or false representation to Kahkeshani. The false statements the arbitrator found that SKH and its employees made to Kahkeshani cannot be imputed to Hann, because SKH and its employees were not Hann's partner or agent. Further, the arbitrator's finding that Hann made no false statements individually precluded judgment for Kahkeshani under section 523(a)(2)(A). Hann was entitled to judgment as a matter of law.

The Bankruptcy Court properly granted summary judgment in favor of Hann on Kahkeshani's claim under 11 U.S.C. § 523(a)(4) seeking non-dischargeability of the debt for fraud or defalcation in a fiduciary capacity. There was no summary judgment evidence to support the existence of a true express trust. The only trust found by the arbitrator was the statutory trust created by the Texas Construction Funds Act. Thus, Hann was not acting in a fiduciary capacity. Even if this Court

were to hold that Hann was acting in a fiduciary capacity, there was no summary judgment evidence to show that Hann's state of mind rose to the level of that needed for a finding of fraud or defalcation. There were no findings by the arbitrator that Hann's conduct involved an intentional wrong, criminal recklessness or moral turpitude. Hann was entitled to judgment as a matter of law.

The Bankruptcy Court properly granted summary judgment in favor of Hann on Kahkeshani's claim under 11 U.S.C. § 523(a)(4) seeking non-dischargeability of the debt for embezzlement. There was no summary judgment evidence that Hann fraudulently appropriated Kahkeshani's property. Further, the arbitrator found that Hann's conduct did not violate the Texas Theft Liability Act, which is the same as finding Hann did not commit theft by embezzlement. That finding precluded an embezzlement claim under 11 U.S.C. § 523(a)(4). Hann was entitled to judgment as a matter of law.

The Bankruptcy Court properly granted summary judgment in favor of Hann on Kahkeshani's claim under 11 U.S.C. § 523(a)(6) for non-dischargeability of the debt for willful and malicious injury to Kahkeshani or his property. There was no summary judgment evidence to support a finding that Hann acted willfully and maliciously to injure Kahkeshani or his property. Further, Hann's uncontroverted declaration testimony showed no willful and malicious injury to Kahkeshani or his property. Hann was entitled to judgment as a matter of law.

7

The Bankruptcy Court properly granted summary judgment in favor of Hann on Kahkeshani's claim under 11 U.S.C. § 727(a), seeking to bar Hann's chapter 7 discharge. Kahkeshani did not seek a stay of the Bankruptcy Court's judgment pending appeal to the District Court. The Bankruptcy Court entered a discharge order in Hann's main chapter 7 bankruptcy case. Kahkeshani did not appeal that order; rather, Kahkeshani waited a year to move to strike the discharge order. The Bankruptcy Court denied that motion to strike, and Kahkeshani did not appeal that order. The entry of a discharge order rendered the appeal on that point to the District Court moot. The point is now moot before this Court and there is no appellate jurisdiction to hear the point. The District Court's judgment is void *ab initio* and should be vacated. Alternatively, there is no summary judgment evidence to support any element of a claim under section 727(a)(3), (4), or (5). There is also no summary judgment evidence to support Kahkeshani's argument that the case was abated and that he did not have an opportunity to conduct discovery on the issue. Hann was entitled to judgment as a matter of law.

The District Court erred in reversing the Bankruptcy Court's judgment, and this Court should reverse the judgment of the District Court and render judgment for Hann.

## ARGUMENT AND AUTHORITIES

### I.    INTRODUCTION.

Although the record on appeal is over 5,000 pages, and this appeal comes from the District Court's review of a Bankruptcy Court's order, the appeal is a simple one – a *de novo* review of cross-motions for summary judgment involving two items of summary judgment evidence: (1) the arbitrator's award offered by Kahkeshani to support his Kahkeshani's MSJ, and (2) Hann's declaration offered by Hann to oppose Kahkeshani's MSJ and to support Hann's Cross-Motion. None of the actual testimony or exhibits that were introduced in the arbitration were offered as summary judgment evidence. Kahkeshani's entire argument in his motion for summary judgment was that the arbitrator's findings constituted *collateral estoppel* and established grounds for non-dischargeability of the debt under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6).

The District Court did not hold that the debt was non-dischargeable under 11 U.S.C. § 523(a)(6), and Kahkeshani has not appealed that portion of the opinion and judgment, so Hann would contend that issue is moot on appeal before this Court. Similarly, as argued more fully below in Section VII, the issue under 11 U.S.C. § 727 is moot, needing only an order vacating the District Court's judgment. Hann contends that this case should turn on and involve only the issues under sections

523(a)(2) and (a)(4). Out of an abundance of caution, however, Hann has fully briefed each issue.

## II.     STANDARD OF REVIEW ON APPEAL.

When reviewing an order of a bankruptcy court on appeal, a court of appeals should apply the same standard of review that would have been used by the district court. *In re OGA Charters, L.L.C.*, 901 F.3d 599, 602 (5th Cir. 2018). This Court of Appeals should review the Bankruptcy Court's summary judgment as though it were an appeal to the Court of Appeals from a district court, *de novo*. *Williams v. Placid Oil Co.* (*In re Placid Oil Co.*), 753 F.3d 151, 154 (5th Cir. 2014); *Matter of Tran*, 151 F.3d 339 (5th Cir. 1998). This Court reviews factual findings for clear error. *Hickman v. Texas* (*In re Hickman*), 260 F.3d 400, 401 (5th Cir.2001). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir.2003) (quoting *Hibernia Nat'l Bank v. Perez* (*In re Perez*), 954 F.2d 1026, 1027 (5th Cir.1992)); See *In re Duncan*, 562 F.3d 688, 694-95 (5th Cir. 2009).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kinkade v. Kinkade* (*In re Kinkade*), 707 F.3d 546, 548 (5th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)); Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56(a) to adversary

proceedings). The movant bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P.  56(c); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). The court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

If the non-movant bears the burden of proof on an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim or defense.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted if the non-movant cannot produce

evidence to support an essential element of its claim or defense. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## III.    COLLATERAL ESTOPPEL EFFECT OF ARBITRATOR'S FINDINGS AND CONCLUSIONS.

As stated above, Kahkeshani's MSJ and Hann's Cross-Motion both involved application of collateral estoppel given the arbitrator's findings of fact and conclusions of law in the arbitration award. Collateral estoppel requires proof of three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action. *Sheerin v. Davis (In re Davis)*, 3 F.3d 113, 114 (5th Cir. 1993); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 & n. 5, 99 S.Ct. 645, 649 (1979); *See Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 (5th Cir. 1991) ("An important aspect of determining whether a previously litigated matter has collateral estoppel effect is the identity of the matter with the issue currently before the court."). Collateral estoppel applies in a second proceeding that involves separate claims if the claims involve the same issue. *Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 751 (5th Cir. 1986). The subject matter of the suits may be different as long as the requirements for

collateral estoppel are met. *RecoverEdge, LP v. Pentecost*, 44 F.3d 1284, 1290 – 94 (5th Cir. 1995); *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994).

Although federal courts must give a state court judgment the same preclusive effect state courts could give the judgment[1], federal courts are not required to give collateral estoppel effect to an arbitration award. *McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 287-288, 104 S.Ct. 1799, 1801-02 (1984). Further, a bankruptcy court is not bound by a state court judgment when determining the dischargeability of a debt. *Brown v. Felsen*, 442 U.S. 127, 138-39, 99 S.Ct. 2205, 2213 (1979). The bankruptcy court may accept additional evidence to determine the character and dischargeability of a debt. *Matter of Posten*, 735 F.2d 866, 869 (5th Cir. 1984).

In the Dischargeability Adversary, the Bankruptcy Court was free to consider Hann's declaration as summary judgment evidence in determining whether Kahkeshani's debt was dischargeable and whether Hann was entitled to a discharge.

---

[1] 28 U.S.C. § 1738.

**IV.    THE DISTRICT COURT ERRED IN REVERSING THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2)(A) FOR FALSE PRETENSES, FALSE REPRESENTATION, OR ACTUAL FRAUD.**

The District Court erred in reversing the Bankruptcy Court's summary judgment on Kahkeshani's claim under 11 U.S.C. § 523(a)(2)(A). The Bankruptcy Court correctly found that there was no genuine issue of material fact, and Hann was entitled to judgment as a matter of law. This Court should reverse the judgment of the District Court on this claim and render judgment for Hann.

For a debt to be non-dischargeable under the false pretenses or false representation provision of section 523(a)(2)(A), the debtor must have made a false statement or representation to the creditor which must have been: (1) knowing and fraudulent falsehoods, (2) describing past or current facts, (3) that were relied upon by the other party. *RecoverEdge L.P.,* 44 F.3d 1284, 1292-93 (5th Cir. 1995); *Allison v. Roberts (In re Allison),* 960 F.2d 481, 483 (5th Cir. 1992). "A promise to perform acts in the future is not considered a qualifying misrepresentation merely because the promise subsequently is breached." *In re Allison,* 960 F.2d at 484. For a debt to be dischargeable under the actual fraud provision of section 523(a)(2)(A), the debtor's conduct must consist of some "deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another—

something said, done or omitted with the design of perpetrating what is known to be a cheat or deception." *RecoverEdge, L.P.*, 44 F.3d at 1293, quoting 3 *Collier on Bankruptcy* ¶ 523.08[5], at 523–57 to 523–58. The creditor must show by a preponderance of the evidence that: (1) the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance. *Gen. Elec. Capital Corp. v. Acosta (In re Acosta),* 406 F.3d 367, 372 (5th Cir. 2005); *RecoverEdge, L.P.*, 44 F.3d at 1293 (as modified by *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995) regarding the proper standard of reliance). The law in this Circuit is also clear, through a long line of cases, that a debtor who made no false representation and committed no fraud cannot be bound by the fraud of another unless it is the debtor's partner or agent. *In re Quinlivan*, 434 F.3d 314, 319 (5th Cir. 2005); *RecoverEdge, L.P. v. Pentecost*, 44 F.3d 1284, 1297 (5th Cir. 1995); *Luce v. First Equip. Leasing Corp. (In re Luce)*, 960 F.2d 1277, 1282 (5th Cir. 1992).

Kahkeshani offered no summary judgment showing that Hann made a false pretense or false representation to him. Kahkeshani's only summary judgment evidence was the arbitrator's award. In that award, the arbitrator was "unable to conclude that Stephen Hann [Hann], individually, made fraudulent

misrepresentations to Claimant [Kahkeshani]." (ROA.22-20407.290). The arbitrator found that SKH made fraudulent misrepresentations to Kahkeshani in its draw requests, but the arbitrator noted that "Karen Travelstead signed the draw requests," "none of the draw requests were sent to Stephen Hann," and "there is insufficient record evidence to prove that Stephen Hann (as opposed to other SKH employees) was directly and personally responsible for the misrepresentations contained in the draw requests." (ROA.22-20407.289-290). The arbitrator found that Hann did not even speak with Kahkeshani before the contract for construction of his home was signed. (ROA.22-20407.281). Without evidence of a false representation of any kind by Hann, there can be no liability under section 523(a)(2)(A), which requires that the debt be "obtained by false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

In reversing the Bankruptcy Court, the District Court relied on the arbitrator's finding that Hann should be held personally liable for the misrepresentations of SKH under an *alter ego* theory. (ROA.22-20407.5150). The District Court held that "because the Fifth Circuit does not apply a state-of-mind requirement, the award's determination of liability against SKH would be appropriately imputed against Hann, individually." *Id.* The District Court held that Hann was liable as an alter-ego of SKH. This holding is clearly erroneous.

The arbitrator in this case did not find, and Kahkeshani did not allege, that Hann and SKH or Hann and SKH's employees were partners or principal/agent. (ROA.22-20407.1039). There is simply no fact issue on this point. Without such a finding, SKH's fraud cannot be imputed to Hann. The arbitrator's findings precluded judgment for Kahkeshani. As such, Hann was entitled to judgment as a matter of law on Kahkeshani's claim.

The District Court erred in reversing the Bankruptcy Court's order and granting Kahkeshani's motion for summary judgment. This Court should reverse the judgment of the District Court and render judgment for Hann.

**V.    THE DISTRICT COURT ERRED IN REVERSING THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(4) FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY OR EMBEZZLEMENT.**

**A. Hann Was Not Acting in a Fiduciary Capacity for Purposes of 11 U.S.C. § 523(a)(4).**

This Court should reverse the judgment of the District Court and render judgment for Hann, because there is no genuine issue of material fact, and Hann is entitled to judgment as a matter of law on Kahkeshani's claim under 11 U.S.C. § 523(a)(4) with respect to fraud or defalcation while acting in a fiduciary capacity. There was no true express trust that created a fiduciary capacity. The burden of proof is on the creditor to show each element of a non-dischargeability claim by a

preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661 (1991). Kahkeshani did not offer any evidence to support a true express trust – only evidence of a statutory trust under the Texas Construction Funds Act.

This Court has held in several cases that the Texas Construction Funds Act as codified at Tex. Prop. Code, § 162.001, *et. seq.*, does not create the type of trust that places a debtor in a fiduciary capacity with fiduciary duties for purposes of non-dischargeability under 11 U.S.C. § 523(a)(4). The first case in which this Court confronted the issue was *Matter of Boyle*, 819 F.2d 583, 592 (5th Cir. 1987). In *Boyle* a contractor was found to have violated the Texas Construction Funds Act as a result of his company having spent funds paid to it under a construction contract on matters not related to the contract. *Id.* at 584. The Court began its discussion by recognizing that the discharge exception under section 523(a)(4) "was intended to reach those debts . . . arising from the debtor's acquisition or use of property that is not the debtor's." *Id.* at 588. The Court distinguished a traditional express trust from a statutory trust created under the Texas Construction Funds Act, writing:

> This emphasis given to wrongful acts involving the property other than the debtor raises the question whether a state statute, like the Texas law, does not in terms prohibit uses of construction funds loaned the builder absent fraudulent intent can create a class of "property" for Bankruptcy Code purposes that a builder can convert merely by using the funds in a way not forbidden by the state statute. In a traditional express trust, a trustee "borrows" trust funds whenever he applies them to nontrust purposes because a trustee lacks equitable title to those funds and holds only bare legal title; in contract, funds loaned to a builder who has free

> use of the funds so long as he does not act with fraudulent intent are not
> even equitably owned by someone other than the builder and therefore
> are not "borrowed" when the builder uses them.

*Boyle*, 819 F.2d at 588 fn. 11.  The Court in *Boyle* pointed to two previous opinions

in which the Court held other state construction funds statutes also did not create a

trust for purposes of section 523(a)(4)'s predecessor statute   - (1) *Murphy &*

*Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873, 879-80 (5th Cir.

1982) in which this Court held that the Georgia construction funds statute did not

create a trust under section 35(a)(4) of the Bankruptcy Act, and (2) *Angelle v. Reed*

*(In re Angelle)*, 610 F.2d 1335, 1339 (5th Cir. 1980) in which this Court held that a

Louisiana criminal statute, LSA-R.S. 14:202, which made it a criminal offense "for

a contractor to use funds advanced by a contracting party for any purpose other than

material and labor for the advancing party's project" did not create a trust for

purposes of section 35(a)(4) of the Bankruptcy Act.

   The opinion in *Angelle v. Reed* provides a historical context to this Court's

prior rulings on what constitutes a trust for purposes of the non-dischargeability

provision.  The *Angelle* Court first reached back to the Bankruptcy Act of 1841,

which contained a provision similar to Bankruptcy Act section 35(a)(4) and

discussed an 1844 Supreme Court case under that act, *Chapman v. Forsyth*. In

*Chapman*, the U.S. Supreme Court considered whether "a factor who sold property

belonging to his principal and failed to pay the proceeds owed him created a debt in

a fiduciary capacity." *Angelle*, 610 F.2d at 1338 (*quoting Chapman v. Forsyth*, 2

U.S. (How.) 202, 207 (1844)). The Supreme Court held that a factor was not a

fiduciary for purposes of the Bankruptcy Act provisions, writing:

> In almost all the commercial transactions of the country, confidence is
> reposed in the punctuality and integrity of the debtor, and a violation of
> these is, in a commercial sense, a disregard of a trust. But this is not the
> relation spoken of in the (Bankruptcy Act). . . . The act speaks of
> technical trusts, and not those which the law implies from the contract.
> A factor is not, therefore, within the act.

*Chapman v. Forsyth*, 2 U.S. (How.) at 207. The *Angelle* court then pointed to *Upshur*

*v. Briscoe*, 138 U.S. 365, 378, 11 S.Ct. 313, 317 (1890), a case in which the Supreme

Court further narrowed what gives rise to a trust for purposes of the Bankruptcy Act.

In *Upshur*, the Supreme Court hold that the trust must exist prior to the act creating

the debt and without reference to the statute creating the technical trust. Finally, the

Court in *Angelle* quoted the Supreme Court in *Davis v. Aetna Acceptance Co.*:

> It is not enough that by the very act of wrongdoing out of which the
> contested debt arose, the bankrupt has become chargeable as a trustee
> ex maleficio. He must have been a trustee before the wrong and without
> reference thereto. In the words of Blatchford, J., "The language would
> seem to apply only to a debt created by a person who was already a
> fiduciary when the debt was created."

293 U.S. 328, 333, 55 S.Ct. 151, 154 (1934).

It is against this backdrop that the Court in *Boyle* reached the issue of whether

the Texas Construction Funds Act creates a fiduciary capacity under section

523(a)(4). When the issue came before this Court in *Boyle*, this Court rightly held

that the Texas Construction Funds Act does not create a true express trust required for purposes of section 523(a)(4). *Boyle*, 819 F.2d at 589. This Court expressly held that although the Texas Construction Funds Act labels the funds paid to the contractor as "trust funds," the label does not apply to section 523(a)(4), because the scope of the concept of a fiduciary under section 523(a)(4) is a question of federal law. *Boyle*, 819 F.2d at 592. The Court in *Boyle* pointed out that the Texas Construction Funds Act does not prohibit mere use of the funds other than on the project, it does not require segregation of the funds, it does not obligate the contractor to maintain a separate trust res, it does not impose bookkeeping functions, and it does not impose an obligation on the contractor to use all of the funds paid under the contract solely on expenses of the project. *Id.*

This Court had the opportunity to revisit the issue in *Coburn Company of Beaumont v. Nicholas*, 956 F.2d 110 (5th Cir. 1992). In that case, this Court was confronted with the amended version of the Texas Construction Funds Act that was before the Court in *Boyle*. This Court held that although the amendments provided an expanded scienter requirement to cover trustees who "intentionally or knowingly" spent trust funds for non-trust purposes before paying all obligations, it did not expressly and totally prohibit such expenditures. For this reason, the Court again rejected the argument that every contractor who accepts funds under a

construction contract acts in a fiduciary capacity for purposes of section 523(a)(4). *Coburn,* at 114.

After *Nicholas*, in *Matter of Tran*, this Court discussed its holdings in both *Boyle* and *Nicholas*. 151 F.3d 339, 345 (5th Cir. 1998). In *Tran* this Court held that the Texas Lottery Act's statutory trust did not create a fiduciary capacity for purposes of section 523(a)(4). In so holding, this Court looked at *Boyle* and *Nicholas* and explained:

> The Act thus not only fails to impose the core duties to which we have looked in the past as indicators or a true fiduciary relationship-an express prohibition on spending trust funds for non-trust purposes and an express requirement to segregate such funds-but, more fundamentally, fails to entrust the ticket sales agent with the state's money for safekeeping or otherwise to grant him a "position of ascendency" over the state.

*Tran*, 151 F.3d at 345.

This Court has made it clear that the Texas Construction Funds Act does not necessarily place the "trustee" of the "fund" in a fiduciary capacity with fiduciary duties for purposes of section 523(a)(4). The purpose of the Texas Construction Funds Act is to essentially make the "trustee" of the construction funds a personal guarantor of the debt if the funds are spent on other projects – not to make the debt non-dischargeable as to the individual. Hann is entitled to judgment as a matter of law on Kahkeshani's claim under section 523(a)(4), because he was not acting in a

fiduciary capacity for purposes of that section. This Court should reverse the judgment of the District Court and render judgment in favor of Hann.

## B. There Was No Evidence to Support Fraud or Defalcation While Acting in a Fiduciary Capacity.

This Court should reverse the judgment of the District Court and render judgment for Hann, because there is no genuine issue of material fact, and Hann is entitled to judgment as a matter of law on Kahkeshani's claim under 11 U.S.C. § 523(a)(4) with respect to fraud or defalcation while acting in a fiduciary capacity.

As discussed above in Section IV, there was no summary judgment evidence showing actual fraud, and the findings of the arbitrator precluded a fraud claim. This applies here to a claim for fraud while acting in a fiduciary capacity. Further, for Kahkeshani to meet his burden of proof on the element of defalcation, he was required to establish, by a preponderance of the evidence, that Hann's conduct involved an intentional wrong, criminal recklessness, or moral turpitude. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74, 133 S.Ct. 1754, 1759-60 (2013). The arbitrator's finding concerning Hann's state of mind does not meet the level required by *Bullock*. The arbitrator found that Hann acted to deprive the beneficiaries of the trust funds. (ROA.22-20407.288). This finding was sufficient to establish the state of mind necessary for a violation of the Texas Construction Funds Act, but it is not

sufficient to support the state of mind required by *Bullock* for a finding of non-dischargeability under section 523(a)(4).

The Bankruptcy Court had the discretion to review all the summary judgment evidence, both the findings of the arbitrator and Hann's declaration, to make her determination of the dischargeability of the debt. She was not constrained by the phraseology employed by the arbitrator of "intent to defraud." The Bankruptcy Judge reviewed the summary judgment evidence and made her own findings regarding Hann's state of mind and conduct and whether it constituted defalcation. This Court reviews the Bankruptcy Court's factual findings for clear error. *Hickman v. Texas* (*In re Hickman*), 260 F.3d 400, 401 (5th Cir.2001). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir.2003) (quoting *Hibernia Nat'l Bank v. Perez* (*In re Perez*), 954 F.2d 1026, 1027 (5th Cir.1992)); See *In re Duncan*, 562 F.3d 688, 694-95 (5th Cir. 2009). Although this is an appeal of a summary judgment, it involved the Bankruptcy Court's assessment of the summary judgment evidence, which should be given deference.

There were not only no findings made that would support the state of mind required by *Bullock*, there were also findings in the arbitration award that established Hann did not have the state of mind to constitute defalcation while acting in a

fiduciary capacity. The arbitrator's findings expressly stated there was no evidence that Hann made any fraudulent misrepresentations to Kahkeshani (ROA.22-20407.290), no evidence of theft or fraudulent transfers (ROA.22-20407.290), Hann did not receive draw requests (ROA.22-20407.289), Hann did not sign the draw requests (ROA.22-20407.281 and 289), and Hann had prepared checks to pay the subcontractors and suppliers on Kahkeshani's project (ROA.22-20407.283). There are no findings in the arbitrator's award that support fraud or defalcation while acting in a fiduciary capacity. To the contrary, the arbitrator's findings support the Bankruptcy Court's holding that there was no defalcation under the standard set out in *Bullock*.

Hann is entitled to judgment that the debt is dischargeable as a matter of law. This Court should reverse the judgment of the District Court and render judgment for Hann.

### C. There is No Summary Judgment Evidence to Show that Hann Fraudulently Appropriated Property of Kahkeshani to Constitute Embezzlement, and the Arbitrator's Findings Precluded Kahkeshani's Embezzlement Claim.

The District Court did not rule on Kahkeshani's claim under 11 U.S.C. § 523(a)(4) for embezzlement. Hann addresses the point to assure rendering judgment on this issue.

For purposes of section 523(a)(4), embezzlement is defined as "fraudulent appropriation of property by a person to whom such property has been entrusted, or into who hands it has lawfully come." *Matter of Miller*, 156 F.3d 598, 602-603 (5th Cir. 1998). There must be proof of the debtor's fraudulent intent in taking the property. *Id.*

The Bankruptcy Court correctly found that the facts found by the arbitrator did not give rise to embezzlement. Nevertheless, the arbitrator's findings also precluded Kahkeshani's non-dischargeability claim under 11 U.S.C. § 523(a)(4) for embezzlement. The arbitrator found that "the record is insufficient to establish liability on the basis of (a) the Texas Theft Liability Act, section 134.001, et seq. Tex. Civ. Prac. & Rem. Code." (ROA.22-20407.289). A person violates the Texas Theft Liability Act if they commit theft. Tex. Civ. Prac. & Rem. Code, §134.003(a). Under the Texas Theft Liability Act, " 'theft' means unlawfully appropriating property . . . as described by Section 31.03 . . ., Penal Code." Tex. Civ. Prac. & Rem. Code, §134.002(2). Section 31.02 of the Texas Penal Code created a single offense in section 31.03, superseding the numerous types of separate offenses, including embezzlement. Tex. Penal Code, § 31.02. Thus, the arbitrator's finding that Hann did not violate the Texas Theft Liability Act precluded Kahkeshani's claim under 11 U.S.C. § 523(a)(4) for embezzlement.

This Court should render judgment in favor of Hann on the claim under 11 U.S.C. § 523(a)(4) for embezzlement.

## VI.   THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT AND HOLDING THE DEBT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6) WAS PROPER.

The Bankruptcy Court properly granted Hann's motion for summary judgment on Kahkeshani's claim under 11 U.S.C. § 523(a)(6). The District Court did not discuss this point on appeal and did not reverse or affirm the Bankruptcy Court's judgment on this claim. Kahkeshani failed to file a cross-appeal in this Court of Appeals on this claim. The Bankruptcy Court's summary judgment on this claim must be affirmed.

Notwithstanding this, the Bankruptcy Court was correct in granting summary judgment for Hann on the claim. For a debt to be nondischargeable under section 523(a)(6), the debt must be the result of a willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. § 523(a)(6). This requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). There must be evidence that there was an objective substantial certainty of harm or a subjective motive to cause harm. *Matter of Miller*, 156 F.3d 598, 606 (5th Cir. 1998). A debtor cannot be held vicariously liable for the willful and malicious acts of another. *In re*

*Tomasek*, 175 Fed.Appx. 662 n. 4 (5th Cir. 2006). There was no finding by the arbitrator that Hann willfully and maliciously injured Kahkeshani, and Kahkeshani offered no summary judgment evidence other than the arbitrator's award.

Further, Hann's summary judgment evidence, which was not controverted by Kahkeshani, was replete with evidence that Hann did not act willfully and maliciously to injure Kahkeshani or his property. Hann testified in his declaration that at the time SKH made the payments out of the construction funds paid by Kahkeshani, Hann did not know the subcontractors and suppliers on Kahkeshani's project were not being paid (ROA.22-20407.989, ¶ 4), Hann believed that the funds could realistically be repaid from SKH's operations and other projects (ROA.22-20407.989, ¶ 5), Hann did not realize the extent of SKH's problems (ROA.22-20407.989, ¶ 6), Hann never intended to permanently deprive Kahkeshani of the funds (ROA.22-20407.990, ¶ 9), Hann offered to complete Kahkeshani's project for no additional payment (ROA.22-20407.990, ¶ 13), and Hann did not realize that the payments he directed out of the construction funds were not proper. (ROA.22-20407.992, ¶ 25). Kahkeshani failed to offer any summary judgment evidence to counter Hann's declaration and create a fact issue. Hann was entitled to judgment as a matter of law on this claim.

This Court should reverse the judgment of the District Court and render judgment for Hann.

## VII. THE TRIAL COURT ERRED IN REVERSING THE BANKRUPTCY COURT'S ORDER GRANTING HANN'S MOTION FOR SUMMARY JUDGMENT ON WHETHER HANN SHOULD NOT RECEIVE A DISCHARGE UNDER 11 U.S.C § 727.

The District Court erred in reversing the Bankruptcy Court's summary judgment on the issue of Hann's discharge under 11 U.S.C. § 727(a). The issue was moot on appeal by the Bankruptcy Court's entry of the discharge order. Further, there was no genuine issue of material fact, and Hann was entitled to judgment as a matter of law that his discharge should be granted. This Court should reverse the judgment of the District Court and render judgment for Hann.

### A. The Issue is Now Moot and there is No Jurisdiction, Because the Bankruptcy Court Entered a Discharge Order, and Kahkeshani Failed to Appeal the Bankruptcy Court's Discharge Order.

Kahkeshani's claim under 11 U.S.C. § 727 is now moot, and there is no appellate jurisdiction over the issue, except to enter an order vacating the District Court's judgment as void *ab initio*.

Kahkeshani did not seek a stay of the Bankruptcy Court's judgment pending appeal of the Bankruptcy Court's judgment in the Dischargeability Adversary. The Bankruptcy Court retained jurisdiction to enter further orders in the main bankruptcy case. *In re Bartee*, 212 F.3d 277, 282-83 (5th Cir. 2000). To stop entry of an order of discharge in the main bankruptcy case, Kahkeshani was required to seek a stay pending appeal and meet the test for an order granting a stay. *In re Texas Equipment*

*Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (*citing In re First South Sav. Ass'n.*, 820 F.2d 700, 709 (5th Cir. 1987). Kahkeshani failed to do so. As a result, on April 5, 2017, the Bankruptcy Court entered its Order of Discharge. (ROA.22-20407.5182). Kahkeshani failed to appeal that order. Over a year later, on April 19, 2018, Kahkeshani filed his Motion to Strike Discharge Order. (ROA.22-20407.5185). On June 4, 2018, the Bankruptcy Court entered its Order Denying Motion to Strike Discharge Order on the grounds that Kahkeshani failed to obtain a stay pending appeal. (ROA.22-20407.5191). Kahkeshani failed to appeal that order as well.

The Bankruptcy Court's discharge order rendered the appeal of the summary judgment as to section 727 moot and divested the District Court of jurisdiction over the issue. The District Court's judgment on this issue was void *ab initio*. This Court of Appeals now lacks jurisdiction over the issue, but it should enter an order vacating the District Court's judgment on that issue. *In re Scruggs*, 392 F.3d 124, 128, 130 (5th Cir. 2004).

### B. There is No Summary Judgment Evidence That Hann Committed Any Act in Violation of 11 U.S.C. § 727.

If this Court should hold that it still has jurisdiction to decide this issue, it should still reverse the District Court's judgment. The only argument raised in Kahkeshani's MSJ was that $200,000 of funds paid to Hann were unaccounted for

and Hann was unwilling or unable to explain the disposition of those funds. (ROA.22-20407.985).[2] Kahkeshani contended that this was grounds to bar Hann's discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (5). The Bankruptcy Court rejected this argument, pointing out that the arbitrator found no evidence that Hann and SKH failed to maintain sufficient records as required by Tex. Prop. Code, § 162.007 and made no findings that would support any violation of section 727. (ROA.22-20407.1053). The Bankruptcy Court accepted the arbitrator's findings in this respect.

The Bankruptcy Court also pointed out that Kahkeshani had offered no controverting evidence in response to Hann's Cross-Motion. Hann provided summary judgment evidence in the form of his declaration, in which he explained how funds were accounted for (ROA.22-20407.990, ¶ 7). Hann testified that in his declaration that: (1) in November of 2010 he opened SKH's books and his own personal finances to Kahkeshani and Kahkeshani's accountant (ROA.22-20407.990, ¶10), (2) SKH paid some of Hann's personal obligations,  (3) SKH paid Hann back on some loans Hann had made to SKH (ROA.22-20407.991, ¶16), and (4) SKH paid some of its affiliates debts (ROA.22-20407.991, ¶17). This further amounted to evidence that Hann had accounted for and explained where funds paid to SKH went.

---

[2] This tracked Kahkeshani's bare bones allegations in his non-dischargeability complaint. (ROA.22-20407.29-30).

The Bankruptcy Court's findings should only be disturbed for clear error, and there was no such clear error.

Under section 727(a)(3), (4), and (5), Hann is entitled to a discharge unless:

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

11 U.S.C. § 727(a)(3) – (5). Subsection (a)(4) does apply to Kahkeshani's allegations or argument at all. There was never an allegation that Hann committed any of this conduct in connection with his Chapter 7 bankruptcy case. There was no summary judgment evidence to support a claim under this subsection. There was no evidence

to support a claim under subsection (a)(5) either. There was no finding by the arbitrator that Hann failed to explain his loss of assets or deficiency of assets to meet his liability. In fact, the arbitrator found from the evidence a detailed map of where the funds went. In Hann's declaration, Hann further explained the use of the funds. Finally, Kahkeshani's claim under subsection (a)(3) was precluded by the arbitrator's finding that Hann did not fail to maintain sufficient financial records.

The District Court agreed with the Bankruptcy Court that Kahkeshani failed to create a genuine issue of material fact on the section 727 claim, but the District Court reversed, finding that Kahkeshani "did not have the opportunity to conduct discovery on this claim in the proceedings." (ROA.22-20407.5152). The only argument that Kahkeshani raised in response to Hann's Cross-Motion on the section 727 claim was:

> The proceedings in this adversary proceeding have been focused on sending this action to arbitration to determine the claims underlying §523 and the aftermath of arbitration including the motion practice resulting from the Award. The §727 action has been actually and/or effectively abated during this time. No scheduling order has been in place with respect to the §727 action, and Kahkeshani is entitled to the opportunity to conduct discovery and to otherwise prepare the §727 action for trial.

(ROA.22-20407.1018). There is nothing in the summary judgment record that supports such an argument.

Kahkeshani offered no summary judgment evidence to support the argument that moving forward on the claim was abated.  In fact, at the hearing on the motion to compel arbitration, it was clear that the parties anticipated and advocated for all of the issues, including the objection to discharge issues, to go to arbitration, subject to ultimate determination under sections 523(a) and 727(a) by the Bankruptcy Court after the arbitration. (ROA.22-20407.719-725). The Bankruptcy Court ultimately ruled at the conclusion of that hearing:

> THE COURT: Uh-huh. Okay. All right.
>
> All right. I'm going to send the whole thing to arbitration. I want you to ask to proceed in that manner and that determine liability and determine it under the complaints that you have here on the Federal side.
>
> Be very clear what the Fifth Circuit law is on the question of claim preclusion because an arbitration in and of itself doesn't eliminate the responsibility of the Court to look at it. It's not going to get you there automatically, all right?
>
> So we will abate everything until we hear back from the Parties after the arbitration.

(ROA.22-20407.726). **All** issues in the Dischargeability Adversary, including discharge and dischargeability issues, were sent to arbitration, with the Bankruptcy Court reserving the ultimate determination, given the preclusive effect of the arbitration award, on discharge and dischargeability.

The District Court's finding that Kahkeshani did not have an opportunity to conduct discovery is also contradicted by the arbitration proceedings and the arbitrator's findings in those proceedings.

First, the Dischargeability Adversary was filed in May of 2012, giving Kahkeshani well over a year prior to the arbitration to conduct discovery. Further, Kahkeshani agreed to a scheduling order in the Dischargeability Adversary (consolidated with the Removed State Court Lawsuit) that included a discovery deadline. (ROA.22-20407.1847).

Second, the summary judgment evidence showed that Kahkeshani did have the opportunity to conduct discovery, and did engage in substantial discovery. There were four depositions taken prior to the arbitration (ROA.22-20407.276), Lisa Childress, Jill Frey[3], Karen Travelstead[4], and Judy Hann, and the testimony from those transcripts was introduced at the arbitration.

Third, the testimony at the arbitration served as discovery for Kahkeshani to use on return to the Bankruptcy Court to seek to bar Hann's discharge. There were eight witnesses who testified live at the arbitration (ROA.22-20407.276), including Hann, Kahkeshani, SKH's project manager Tim Stromatt (ROA.22-20407.282), a

---

[3] Jill Frey was "the office manager for about three years until 2009 when she became responsible for accounting at SKH and HBL." (ROA.22-20407.281).

[4] Karen Travelstead was "a former sales representative of SKH." (ROA.22-20407.281).

contract employee of SKH Mike Tisdale (ROA.22-20407.283), and Hann's CPA Carol Burke (ROA.22-20407.279). These eight live witnesses were open to examination by Kahkeshani, and Kahkeshani could have used the testimony of those eight witnesses as summary judgment evidence in his Kahkeshani's MSJ. Kahkeshani chose not to avail himself of any of that evidence in his Kahkeshani's MSJ.

Finally, Kahkeshani had over a year (April of 2014 to June of 2015) after the arbitration award was entered to conduct additional discovery in the Dischargeability Adversary had Kahkeshani chosen to do so. The arbitration award was rendered on April 8, 2014 (ROA.22-20407.292). Kahkeshani did not file his motion for summary judgment until June 22, 2015. (ROA.22-20407.808). Kahkeshani had over a year to conduct further discovery in the Bankruptcy Court to bolster a claim under section 727 or to oppose a motion for summary judgment on that claim by Hann.

The proceedings in the record show that Kahkeshani intended to abandon his claim under section 727. On June 7, 2014, Kahkeshani filed a motion to confirm the arbitration award. Kahkeshani requested confirmation of the arbitration award in a final judgment without any relief on his bar discharge claim under section 727. (ROA.22-20407.227). Kahkeshani submitted a proposed order and judgment with his motion. (ROA.22-20407.295). Kahkeshani's proposed order had no proposed relief under section 727 and purported to be a final judgment. (ROA.22-20407.297).

This evidences that Kahkeshani did not want any further discovery on the section 727 issue, was proceeding on motion for summary judgment as to section 523, and in fact was abandoning his claim under section 727 given the arbitration award.

There is no genuine issue of material fact that Hann's conduct did not violate section 727(a)(3), (4), or (5), and Hann was entitled to judgment as a matter of law on his discharge. This Court should reverse the judgment of the District Court and render judgment for Hann.

## CONCLUSION AND PRAYER

The Bankruptcy Court's order denying Kahkeshani's motion for summary judgment and granting Hann's motion for summary judgment was proper. The District Court erred in reversing the Bankruptcy Court's summary judgment. There is no genuine issue of material fact and Hann is entitled to judgment on Kahkeshani's claims as a matter of law. Hann respectfully prays for this Court to reverse the District Court's final judgment and render judgment for Hann that Kahkeshani's debt is dischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6) and that Hann was entitled to his discharge under 11 U.S.C. § 727(a).

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: _/s/ Matthew Brian Probus_
    **Matthew Brian Probus**
    Texas Bar No. 16341200

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR APPELLANT,*
*STEPHEN K. HANN*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Appellant's Brief has been served upon counsel for the Appellee, via United States certified mail, return receipt requested, at the address listed below and via electronic delivery at the email address listed below, on this 19th day of September 2022.

    Jeffrey D. Carruth
    Weycer, Kaplan, Pulaski & Zuber, P.C.
    11 Greenway Plaza, Suite 1400
    Houston, TX 77046
    jcarruth@wkpz.com

By: _/s/ Matthew Brian Probus_
    Matthew Brian Probus
    Attorney for Appellant

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

1.     This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Circuit Rule 32.2, this document contains a total of 8,920 words.

2.     This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Circuit Rule 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 16.64 in Time New Roman 14-point font, with footnotes in Time New Roman 12-point font.

By:   */s/ Matthew Brian Probus*
        Matthew Brian Probus
        Attorney for Appellant

Case No. 22-20407; Saeed Kahkeshani, Appellee v. Stephen K. Hann, Appellant

# ADDENDUM

# 11 U.S.C. § 523(a)(2)(A), (a)(3), and (a)(6)

§ 523 - Exceptions to discharge

(a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

* * *

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

* * *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

# 11 U.S.C. § 727(a)(3), (a)(4), and (a)(5)

§ 727 - Discharge

(a)The court shall grant the debtor a discharge, unless—

* * *

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;
(B) presented or used a false claim;
(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

# Tex. Prop. Code, §§ 162.001 and 162.002

Sec. 162.001.  CONSTRUCTION PAYMENTS AND LOAN RECEIPTS AS TRUST FUNDS.  (a)  Construction payments are trust funds under this chapter if the payments are made to a contractor or subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a construction contract for the improvement of specific real property in this state.

(b)  Loan receipts are trust funds under this chapter if the funds are borrowed by a contractor, subcontractor, or owner or by an officer, director, or agent of a contractor, subcontractor, or owner for the purpose of improving specific real property in this state, and the loan is secured in whole or in part by a lien on the property.

(c)  A fee payable to a contractor is not considered trust funds if:

(1)  the contractor and property owner have entered into a written construction contract for the improvement of specific real property in this state before the commencement of construction of the improvement and the contract provides for the payment by the owner of the costs of construction and a reasonable fee specified in the contract payable to the contractor; and

(2)  the fee is earned as provided by the contract and paid to the contractor or disbursed from a construction account described by Section 162.006, if applicable.

(d)  Trust funds paid to a creditor under this chapter are not property or an interest in property of a debtor who is a trustee described by Section 162.002.

Sec. 162.002.  CONTRACTORS AS TRUSTEES.  A contractor, subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or owner, who receives trust funds or who has control or direction of trust funds, is a trustee of the trust funds.

1